# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUSENDA AVALOS,<br><br>        Plaintiffs,<br><br>   vs.<br><br>FOSTER POULTRY FARMS, INC.<br><br>        Defendant.<br>_____/ | CASE NO. CV F 11-0611 LJO MJS<br><br>**ORDER DENYING REQUEST FOR DISTRICT JUDGE TO HEAR REMAND** |

On May 25, 2011, plaintiffs filed a request for hearing of Plaintiffs' Motion for Remand before the District Judge. (Doc. 20.) The hearing on Plaintiff's Motion to Remand originally was set for hearing on June 13, 2011, before the Honorable Lawrence J. O'Neill. This Court then reset the hearing to June 17, 2011, to be heard by Magistrate Judge Michael J. Seng. Plaintiffs request that the motion for remand be reset before the District Judge on the grounds that the Magistrate Judge's powers do not include determining a "dispositive" motion to remand.

"The Federal Magistrates Act, 28 U.S.C. §§ 631-39, governs the jurisdiction and authority of federal magistrates." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir.2003) (*en banc*). The Act allows the district court to assign Magistrate Judges certain enumerated duties, as well as any "additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Local Rule 302(a) provides that Magistrate Judges may perform all duties permitted by 28 U.S.C. § 636(a), (b)(1)(A), or other law where the standard of review of the Magistrate Judge's decision is clearly erroneous or contrary to law. Local Rule 302(a) also provides that, while specific duties are enumerated in Local Rule 302 subsections (b) and (c), "those described duties are not to be considered

a limitation of this general grant." Further, Local Rule 302(d) looks upon applications such as the one presented here with "disfavor." Local Rule 302(d) ("Applications for retention of such matters, however, are looked upon with disfavor and granted only in unusual and compelling circumstances.")

The Ninth Circuit has not taken a position on the specific issue presented in this request. Some other Circuits find that motions to remand are dispositive and deprive a Magistrate Judge of jurisdiction. *See, e.g., Williams v. Beemiller, Inc.*, 527 F.3d 259, 264-266 (2d Cir.2008); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-17 (6th Cir.2001) (noting a lack of decisions from other circuits).

Other courts have found motions to remand to be nondispositive motions. *See, e.g., Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island*, 942 F.Supp. 740 (D.R.I. 1996); *Bellocchio v. Enodis Corp.*, 499 F.Supp.2d 254 ( E.D.N.Y.2007); *Wachovia Bank, N.A. v. Deutsche Bank Trust Co. Americas*, 397 F.Supp.2d 698 (D.C.N.Y.2005); *see generally* Peter J. Gallagher, *In Search of a Dispositive Answer on Whether Remand is Dispositive*, 5 Seton Hall Cir. Rev. 303, 304 (Spring 2009) ("Nearly every district court has treated remand as nondispositive and thus within the scope of this authority, but all four circuit courts that have confronted the issue have deemed remand dispositive and thus beyond the scope of a magistrate's authority.").

This Court finds that the motion to remand is not a dispositive motion. The decision on a motion to remand merely answers the question of whether there is basis for federal jurisdiction to support removal, and as such, a remand order is not "dispositive of a claim or defense of a party." Remand transfers the action to a different forum rather than finally resolving substantive rights and obligations of parties. Accordingly, the motion to remand is not dispositive.

The request for hearing of Plaintiffs' Motion for Remand before the District Judge is DENIED.

IT IS SO ORDERED.

**Dated:   May 26, 2011**                         /s/ Lawrence J. O'Neill
                                                               UNITED STATES DISTRICT JUDGE