UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUSENA AVALOS, on behalf of herself and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOSTER POULTRY FARMS, INC., a California Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants._____/ | CASE NO.    1:11-cv-00611-LJO-MJS<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND<br><br>(ECF No. 13) |

## I.  INTRODUCTION

On March 10, 2011, Plaintiff initiated this wage and hour action as a Class Action in Fresno County Superior Court, Case Number 11CECG00784.  Plaintiff, and others similarly situated (collectively "Plaintiffs"), alleged six causes of action, including violations of the California Labor Code, for: failure to fully compensate Plaintiffs for all hours worked and for overtime; failure to provide meal and rest periods; recovery of unpaid wages and waiting time penalties; failure to itemize pay stubs; and for unfair business practices under California Business and Professions Code §§ 17200, et seq.

Plaintiffs are production-line employees at Defendant's poultry processing plant. Plaintiffs' Complaint centers on an alleged failure by Defendant to fully and properly compensate Plaintiffs as required by California law for pre- and post-production-line activities, commonly referred to as "donning and doffing", i.e., putting on and taking off protective gear.  Plaintiffs plead no federal causes of action.  Plaintiffs' allegations on their

face raise no federal claims, and there is no alleged diversity of citizenship to bring the case within the jurisdiction of this Court.

However, on April 14, 2011, Defendant removed this case to federal court claiming that the allegations of Plaintiffs' Complaint brought it within Section 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)) ("LRMA") and thereby raised federal questions subject to the jurisdiction of this Court. (ECF No. 2.) Specifically, Defendant alleges that Plaintiffs are members of The United Food and Commercial Workers Union ("UFCW") whose employment terms and conditions were governed by a Collective Bargaining Agreement ("CBA") between Defendant and the UFCW.[1] Section 7(H)(3) of the CBA, a paragraph entitled "DONNING AND DOFFING", provides:

> The parties have discussed compensation practices, including compensation to employees for the Donning and Doffing of protective equipment and clothing, and, after good faith bargaining agree that this negotiated agreement properly compensates employees for the Donning and Doffing of safety or sanitation equipment and walking to and from the production area.

(Decl. of Vic Moreno, ex. A, ECF No. 23.)

On May 6, 2011, Plaintiffs filed this motion seeking the Court's order remanding the case to California Superior Court. (ECF No. 13.) In essence, Plaintiffs allege that their Complaint seeks to enforce non-negotiable statutory protections and rights which arise exclusively out of state law and exist independently of the CBA. The Plaintiffs further allege that Section 301 preemption does not result simply because the CBA may be consulted in the course of proving its claim.

On June 3, 2011, Defendant filed its Opposition to the Motion for Remand. (ECF No. 22.) Defendant maintains Section 301 preemption is proper because since the CBA addresses donning and doffing as described above, it must be consulted and interpreted to resolve the claims raised in this action.

///

---

[1] A copy of the CBA is attached as exhibit A to the Declaration of Vic Moreno. (ECF No. 23.)

## II.     LEGAL STANDARD

### A.     Removal

"'[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . .'" Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 7-8 (1983) (citation omitted); see also 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule . . . .'" Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim.  "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

While a defense of preemption, also known as "ordinary preemption," is insufficient to demonstrate removal jurisdiction, "complete preemption," which is a corollary to the well-pleaded complaint rule, would be a sufficient basis for removal. Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).  Under the complete preemption doctrine, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987). Section 301 is a federal statute that can have complete preemptive force. Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 558-562 (1968).

### B.     Section 301 of the LMRA

Section 301 of the LMRA preempts a state-law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." Ramirez v. Fox

Television Station, Inc., 998 F.2d 743, 748 (9th Cir. 1993) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405–06 (1988)). In determining whether section 301 preemption applies, "[t]he plaintiff's claim is the touchstone for [the] analysis; the need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001).

Further, a "reference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms." Ramirez, 998 F.2d at 749. "Causes of action that only tangentially involv[e] a provision of a collective bargaining agreement are not preempted by section 301. Nor are causes of action which assert nonnegotiable state-law rights . . . independent of any right established by contract." Id. at 748 (citations and internal quotation marks omitted). Thus, as the Ninth Circuit observes, "[t]he demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends itself to analytical precision." Cramer, 255 F.3d at 691. "'Substantial dependence' on a CBA is an inexact concept, turning on the specific facts of each case, and the distinction between 'looking to' a CBA and 'interpreting' it is not always clear or amenable to a bright-line test." Id.

### III. ANALYSIS

The CBA states that Plaintiffs would be properly compensated for time spent donning and doffing and, further, that their union representative agreed that they were so compensated under the terms of the CBA. However, nothing provided to the Court shows where or how the CBA provides for such compensation. Defendant contends that the CBA is not clear on this point and that resolution of the case will require the Court to examine and interpret the CBA's terms and the negotiations leading up to its adoption to discover how Plaintiffs were paid for donning and doffing. Defendant argues that because of this need to consult and interpret the CBA, Plaintiffs' claims are preempted by Section 301.

Plaintiffs argue that regardless of whether the CBA says Plaintiffs were

compensated, the issue in this case is whether they were in fact compensated as required by California law. That issue can and will be determined by reference to California law and earnings statements, time records, and testimony from the parties involved.

The Ninth Circuit has set forth a two-step inquiry into whether Section 301 preempts a state law claim. Burnside v. Kiewit Pacific Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court determines "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement]." Id. "If, however, the right exists independently of the" collective bargaining agreement, a court must "still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" Id. (quoting Caterpillar, 482 U.S. at 394).

Neither party disputes that California provides, independently of the CBA, a right to be paid for hours worked. Thus, this Court focuses on the second step of the inquiry; whether Plaintiffs claims are "substantially dependent on analysis of [the CBA]." Caterpillar, 482 U.S. at 394. The Court concludes they are not.

Upon comparing the facts presented in the instant case with those of relevant Ninth Circuit cases, the Court concludes that Plaintiffs' claims are not substantially dependent on analysis of the CBA. In Burnside, the plaintiffs claimed that their employer did not pay them for employer-mandated travel time as required under California law. Burnside, 491 F.3d at 1058. The Ninth Circuit rejected the defendant's argument that the court would have to interpret certain terms in a CBA, because none of those terms were relevant to the "purely factual" issue of whether the defendant required employees to use employer provided transportation. Id. at 1072-73. Similarly in this case, Plaintiffs' action rests on the "purely factual" issue of whether Defendant violated California law by not compensating Plaintiffs for all of the time worked, including donning and doffing, irrespective of the fact that section 7(H)(3) of the CBA concludes that Plaintiffs were paid. As such, this Court will not be required to interpret the CBA.

The Court also finds the cases on which Defendant relies to be inapposite. For example, in Firestone v. Southern California Gas Co., 219 F.3d 1063 (9th Cir. 2000),

plaintiffs disputed whether the defendant paid plaintiffs a premium rate for hours worked beyond eight hours per day, as required under California law.  The defendants paid the plaintiffs a flat rate for their work during a regular-time shift based on multiple factors set out in the CBA.  Firestone, 219 F.3d at 1063.  The court held that to determine whether the defendant paid plaintiffs a premium rate, it had to interpret the collective-bargaining agreement to calculate the regular rate due for hours worked.  Id. at 1065-66.  Due to the complexity of converting plaintiffs' regular flat rate to an hourly rate, the court held that the CBA had to be interpreted; as such, Section 301 preempted plaintiffs' claims.  Id. at 1066.

In the present case Defendant has not presented any evidence of any such complexity in the compensation scheme here.  The fact that the CBA is vague as to how Plaintiffs were compensated does not mean that Plaintiffs' claims are preempted.  "[M]ere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim."  Humble v. Boeing Co., 305 F.3d 1004, 1008 (emphasis supplied); see also Cramer, 255 F.3d at 691-92 ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA.  A creative linkage between the subject matter of the claim and the wording of a CBA provision is insufficient . . . .)

In this case, Defendant was unable to illuminate how the CBA might need to be interpreted.  Instead Defendant argued that facts **could** develop that might necessitate the Court's inquiry into the circumstances surrounding the negotiation of the CBA.  Defendant argued that resolution of the claim would require interpretation of any such facts and the CBA.  "A CBA provision does not trigger preemption when it is only potentially relevant to state law claims, without any guarantee that interpretation or direct reliance on the CBA terms will occur."  Humble, 305 F.3d at 1010.  Plaintiffs maintain that their case can be proven without interpreting the terms of the CBA.  Defendant's mere assertion that the CBA's terms will be relied upon is not sufficient to enable the Court to conclude that interpretation of or direct reliance on CBA terms will occur.  The Court finds Firestone

distinguishable and Defendant's claims of "speculative reliance" on the CBA's terms insufficient to support preemption.

Defendant also analogizes the instant action to Mendes v. W.M. Lyles Co., 2008 WL 171003, *8 (E.D. Cal. Jan. 18, 2008) in an attempt to assert that Plaintiffs' claim is based on a breach of the CBA.  The claim in Mendes was based on the employer not adhering to a wage scale set forth in the CBA.  The rights being asserted in that case, being paid a particular wage, were created in the CBA.  That is not the case here.  The CBA applicable to this case did not create the state law rights being asserted by the Plaintiffs.  Plaintiffs are entitled to be paid for all time worked; such entitlement cannot be altered by agreement.

Defendant correctly identifies Cornn v. UPS, Inc., 2004 WL 2271585, *1 (N.D. Cal. Oct. 5, 2004) for the proposition that a claim based on a nonnegotiable state right could still be preempted by Section 301 if the claim turned on an interpretation of the CBA. However, as described above, this Court has determined that Plaintiffs' claims are not substantially dependent on analysis of the CBA.  The instant claim does not turn on an interpretation of the CBA, and therefore is not preempted.

**IV.    CONCLUSION AND ORDER**

This Court concludes that the Defendant has not carried its heavy removal burden. The Defendant has not demonstrated that the Court will be required to interpret the CBA to resolve Plaintiffs' wage and hour claims.  Therefore, Defendant has not established federal jurisdiction for purposes of removal.  Remand is appropriate.

Plaintiffs' Motion to Remand is GRANTED.  The Clerk of the Court is directed to remand this action to Fresno County Superior Court.

IT IS SO ORDERED.

Dated:    June 29, 2011                     /s/ *Michael J. Seng*
ci4d6                                       UNITED STATES MAGISTRATE JUDGE