IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUSENA AVALOS, | CASE NO. CV F 11-611 LJO MJS |
| Plaintiff, | **ORDER ON REQUEST FOR RECONSIDERATION** (Doc. 31) |
| vs. | |
| FOSTER POULTRY FARMS, | |
| Defendant. | |
| _____ / | |

**INTRODUCTION**

Defendant Foster Poultry Farms ("Foster Farms") moves for reconsideration of the July 1, 2011 Order Granting Plaintiffs' Motion to Remand, issued by United States Magistrate Judge Michael J. Seng ("magistrate judge"). Foster Farms argues that the Magistrate Judge erred as a matter of law to conclude that this Court lacks subject matter jurisdiction over this action. Specifically, Foster Farms argues that federal jurisdiction exists pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. 185(a) ("LMRA"), because plaintiff Asusena Avalos' ("Ms. Avalos'")[1] state law claims require interpretation of a term in a Collective Bargaining Agreement ("CBA") between Ms. Avalos and Foster Farms. Having considered the parties' arguments and the applicable legal authorities, this Court AFFIRMS the magistrate judge's decision to remand this action.

---

[1] Plaintiff Asusena Avalos asserts multiple state law wage and labor violations against Foster Farms on behalf of herself and others similarly situated.

1

## BACKGROUND

On March 10, 2011, Ms. Avalos initiated this wage and hour class action, on behalf of herself and others similarly situated, in the Fresno County Superior Court. Ms. Avalos alleges six causes of action against Foster Farms for unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties, including:

1. Failure to compensate for all hours worked, in violation of California Labor Code section 204;
2. Failure to Pay Overtime Wages, in violation of California Labor Code section 501(a); IWC Wage Order 4-2001(3)(A)(1), 8 California Code of Regulations section 11040 and California Labor Code section 1194(a);
3. Failure to Provide Meal and Rest Periods, in violation of California Labor Code section 226.7 and 512 and applicable wage orders;
4. Unpaid Wages and Waiting Time Penalties, in violation of California Labor Code sections 201-203;
5. Failure to Itemize Pay Stubs Properly, in violation of California Labor Code sections 226(a), (e), and (g); and
6. Unfair Business Practices, in violation of California Business and Professions Code sections 17200 et seq.

Ms. Avalos asserts no federal causes of action, and the parties do not dispute that diversity of citizenship does not exist.

Ms. Avalos bases her state law claims on the following facts: Ms. Avalos is a production-line employee at Foster Farms' poultry processing plant. Ms. Avalos alleges that Foster Farms fails to provide their non-exempt employees with meal and rest periods to which they are entitled. In addition, Ms. Avalos alleges that Foster Farms fails fully and properly to compensate her and others similarly situated for pre- and post-production-line activities that are necessary and integral to their employment responsibilities, including donning and doffing protective gear and equipment, cleaning and sanitizing equipment, traveling to and from the production line, working on knife maintenance equipment, and waiting in line to receive required knives, supplies, tools and equipment. Ms. Avalos further challenges

Foster Farms' policy of charging production-line employees for the purported cost of protective clothing and equipment.

Foster Farms removed this case to this Court on April 14, 2011. Foster Farms asserted jurisdiction was proper pursuant to Section 301 of the LMRA. Foster Farms avers that Ms. Avalos and the proposed class members are members of the United Food and Commercial Workers Union ("UFCW") whose employment terms and conditions are governed by a CBA between Foster Farms and UFCW. Foster Farms argued that Section 301 of the LMRA provides exclusive federal jurisdiction over this matter, because resolution of Ms. Avalos' state law claims depend on Section 7(H)(3) of the CBA, which reads:

> The parties have discussed compensation practices, including compensation to employees for Donning and Doffing of protective equipment and clothing, and after good faith bargaining agree that this negotiated agreement properly compensates employees for the Donning and Doffing of safety or sanitation equipment and walking to and from the production area.

Ms. Avalos challenged removal jurisdiction on May 6, 2011, moving to remand the action back to the Fresno County Superior Court. Ms. Avalos argued that Foster Farms failed to meet its heavy burden to justify removal. Ms. Avalos further argued that the LRMA does not preempt Ms. Avalos' independent state law claims that are based on her non-negotiable, non-waivable state law rights.

The magistrate judge held a June 15, 2011 hearing on the remand motion. At the hearing, both parties agreed to the magistrate judge's summary of facts and law. In addition, Foster Farms agreed with the magistrate judge's interpretation of the relevant legal authorities and legal framework. Resolution of the motion depended on the magistrate judge's determination of whether or not the CBA was "inextricably intertwined" with the state law claims to establish federal jurisdiction. Foster Farms argued that it was inextricably intertwined because Ms. Avalos' state law claims could not be resolved without interpreting Section 7(H)(3) of the CBA. The magistrate judge found that Foster Farms did not bear its heavy burden to establish removal jurisdiction and ruled in favor of remand on the record. The magistrate judge followed his oral ruling with a July 1, 2011 memorandum opinion.

Foster Farms requested reconsideration of the Remand Decision on July 15, 2011. Ms. Avalos opposed the request on July 22, 2011. Having read and reviewed the parties' arguments, the applicable legal authorities, and the magistrate judge's decision, this Court issues the following opinion.

**STANDARD OF REVIEW**

Pursuant to Local Rule 303(f), this Court upholds a magistrate judge decision unless it was "clearly erroneous or contrary to law." *Id*.; 28 U.S.C. §636(b)(1)(A).; *see also*, Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Computer Econs., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999); *see also, Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discretionary non-dispositive pre-trial matters by magistrate judge are reviewable for clear error). Review under the "clearly erroneous" standard is "significantly deferential." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993) (quotations omitted); *Security Farms v. Intern'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). Under this standard, this Court "can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been committed." *Computer Econs*., 50 F. Supp. 2d at 983. In reviewing discretionary decisions of the magistrate judge, this Court may not substitute its judgment for that of the deciding court. *United States v. BNS, Inc*., 858 F.2d 456, 464 (9th Cir. 1988). On the other hand, the "contrary to law" standard allows "independent, plenary review of purely legal determinations by the magistrate judge." *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000).

With these standards in mind, the Court turns to the parties' arguments.

**DISCUSSION**

The Court considers the magistrate judge's decision through the lens of removal jurisdiction jurisprudence. Foster Farms removed this action pursuant to 28 U.S.C. § 1441. A defendant may remove an action filed in state court to a federal district court if the federal court "would have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States[.]" *Id*. The magistrate judge properly noted that the removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (internal quotations and citations omitted). A defendant seeking removal of an action to federal court has the burden of establishing the grounds for federal jurisdiction. *Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

A district court's federal-question jurisdiction extends over "only those cases in which a

well-pleaded complaint establishes either the federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (quoted in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988)). Thus, the "presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted); *Vaden v. Discover Bank*, --- U.S. ----, 129 S.Ct. 1262, 1272 (2009). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," *id.*, and existence of federal jurisdiction is determined by the complaint at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

Foster Farms argued that Section 301 of the LMRA provides a "complete preemption" of Ms. Avalos' state law claims to establish federal jurisdiction over this action. Section 301 of the LRMA confers original jurisdiction in federal district courts. 29 U.S.C. §185(a); *Livadas v. Bradshaw*, 512 U.S. 107, 121-24 (1994). Section 301's "complete preemption" covers "most state-law actions that require interpretation of labor agreements." *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000). The "preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and an labor organization." *Franchise Tax Bd.*, 463 U.S. at 23 (1993) (internal quotations omitted). Section 301 governs not only claims founded directly on the rights created by the CBA, but also on those claims that are "substantially dependent" on the analysis of the CBA. *Caterpillar*, 482 U.S. at 394. Once preempted, "any claim purportedly based on [a]...state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*. at 393.

On the other hand, mere consultation with the CBA during the course of litigation does not justify preemption. *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 690-91 (9th Cir. 2001). Thus, Section 301 does not preempt state law claims that can be resolved without interpreting a CBA. *Id*. at 690. "[I]t is the legal character of a claim as independent of rights under the" CBA "that decides whether a state cause of action may go forward." *Id*.

5

The Court employs a two-step inquiry to determine whether Section 301 preempts a state law claim. First, the Court considers "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted" and the Court's analysis ends. *Id*. If the claimed right exists "independently of the CBA," the Court then considers whether the right is "substantially dependent on analysis of" a CBA. *Id*.

The parties do not dispute seriously whether the asserted causes of action involved rights conferred by virtue of California law. Ms. Avalos' state law claims are based on her position that she (and others similarly situated) have not been compensated for, *inter alia*, time spent donning and doffing and walking to and from the line. California law protects workers and provides Ms. Avalos with independent claims for unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties. *See* California Labor Code Section 204; California Labor Code section 501(a); IWC Wage Order 4-2001(3)(A)(1), 8 Cal. Code regs, section 11040, California Labor Code section 1194(a); California Labor Code sections 226.7 and 512; California Labor Code sections 201-203; California Labor Code section 226(a), (e), and (g); and California Business and Professions Code sections 17200 et seq. These rights are independent of the CBA.

Thus, the Court's inquiry focuses on whether the claimed rights are "substantially dependent on analysis" of the CBA. "Tracing the line of demarcation between preempted claims and those that survive section 301's reach–is not a take that always lends itself to analytical precision." *Burnside*, 491 F.3d at 1060 (internal quotations and citations omitted). If the Court simply "looks to" the CBA, the state law claims are not preempted; if the Court must "interpret" the CBA, then the claims are preempted. This distinction is "not always clear or amendable to a bright line test." *Cramer*, 255 F.3d at 691.

Section 7(H)(3) of the applicable CBA undisputably addresses compensation for donning and doffing time. Specifically, according to Section 7(H)(3), the parties to the CBA agree that the CBA "properly compensates employees" for donning and doffing time. Foster Farms argues that resolution of Ms. Avalos' claims requires a court to interpret this provision to determine what proper compensation means. Ms. Avalos maintains that her state law causes of action for violation of the California Labor

6

Code do not arise from or call into question any CBA terms, compensations rates, or formulae. After considering the parties' arguments and the applicable legal authority, the magistrate judge found that Foster Farms failed to carry its heavy burden to establish that the resolution of Ms. Avalos' claims requires interpretation of the CBA.

Having considered the magistrate judge's thoughtful and thorough opinion, this Court is not left with a firm conviction that an error was made. To the contrary, this Court agrees that Foster Farms failed to establish that federal jurisdiction exists to remove this action to this Court. While noting its concerns, the magistrate judge reasonably distinguished *Firestone v. Southern Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000), the legal authority upon which Foster Farms primarily relied. In *Firestone*, the issue was whether the compensation received by employees under a complex formula constituted the premium wage rates required by California law. *Id.* at 1066-67. That issue could not be resolved without interpreting the complex premium pay structure contained in the CBA. *Id.* Here, the CBA does not contain a complex wage structure that requires analysis to resolve the claims. Instead, the issue presented is more similar to that in *Gregory v. SCIE, LLC.*, 317 F.3d 1050 (9th Cir. 2003). In *Gregory*, the Court found that Section 301 did not preempt similar claims:

> Even assuming the CBA provides premium wage rates for over-time, the question here is that raised by [California Labor Code] Section 510: whether when overtime is paid under the DBA it is paid for *all overtime hours worked*, as required by California law. This is a question of interpretation of state law, not of the DBA, that we leave to the state court.

*Id.* at 1053 (emphasis in original). Similar to the plaintiffs in *Gregory*, Ms. Avalos claims that she was not paid for all hours worked, all overtime hours worked, and was not given sufficient meal and rest periods, as required by California law. Under these circumstances, the "issue here is not *how* overtime rates are calculated but whether the *result* of the calculation complies with California law." *Id.* (emphasis in original). Thus, even if the CBA contemplated some sort of "reasonable compensation" for the time spent donning and doffing, Foster Farms "is bound by state law, which gives employees a right to overtime compensation 'for all overtime hours worked.'" *Id.* at 1054 n. 4. Accordingly, whether Foster Farms properly compensated Ms. Avalos for all hours worked is a question for the state court.

The magistrate judge properly concluded that because it was not clear that the CBA must be analyzed to resolve Ms. Avalos' claims, this action must be remanded to the state court. As set forth

above, the removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan*, 76 F.3d at 1485. Although Foster Farms' claim of federal jurisdiction depended on preemption pursuant to Section 301 of the LMRA, Foster Farms was unable to articulate how the CBA was required to be analyzed to resolve the asserted claims. Foster Farms appears to assert a *defense* to Ms. Avalos' claims by arguing that she was "properly compensated" for donning and doffing time pursuant to the CBA; however, a "defense based on the terms of a CBA is not enough to require preemption." *Cramer,* 255 F.3d at 690. Section "301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Id*. at 691. Because Foster Farms failed to establish federal jurisdiction, remand of this action was proper.

## ORDER

For the foregoing reasons, this Court AFFIRMS the decision of the magistrate judge to REMAND this action to the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   **July 26, 2011**                                   /s/ Lawrence J. O'Neill
                                                                                      UNITED STATES DISTRICT JUDGE